Michael J. Schneider
Law Offices of Michael J. Schneider, P.C.
880 "N" Street, Suite 202
Anchorage, AK 99501
(907) 277-9306 - phone
(907) 274-8201 - fax

Attorneys for Plaintiff Bruce Ward

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| BRUCE STEPHEN WARD,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | CASE NO. 3:15-cv-_____ |

## COMPLAINT

COMES NOW Plaintiff, Bruce Stephen Ward, by and through his attorneys of record, the Law Offices of Michael J. Schneider, P.C., and complains and alleges against Defendant, United States of America, as follows:

**I.**    **Jurisdiction.**

1. At all times herein relevant, Bruce Stephen Ward was a resident of Wrangell, Alaska, in the District of Alaska.

2. Mr. Ward's cause of action arises under the Federal Tort Claims Act, 28 USC §§1346, 2401, and 2671, *et seq..*

3. At all times herein relevant, Alaska Native Medical Center was an employee or agent of the United States of America.

4. At all times herein relevant, Blandy P. Xayavongsy was an employee or agent of Alaska Native Medical Center acting within the course and scope of his

employment with ANMC, and thus an employee or agent of the United States of America, acting within the course and scope of his Federal employment.

5. At all times herein relevant, Alaska Native Medical Center, and its employees and agents, including Blandy P. Xayavongsy were acting within the course and scope of their employment and/or agency.

6. More than six months ago, the claim set forth herein was presented to the United States Department of Health and Human Services, Public Health Service. <u>See</u> proof thereof attached as Exhibit 1 hereto.

7. Since the agency referred to in the paragraph above has failed to make a final disposition of the claim in the six month period that has transpired, Plaintiff does hereby deem such failure to be a denial of his claim pursuant to 28 USC §2675.

## II. Facts.

8. Mr. Ward was born in February 1947 and was thus nearing his 67th birthday on Monday, December 9, 2013 when the collision described below took place. Mr. Ward was, on the date of the collision, and before, a patient of Alaska Native Medical Center.

9. On Monday, December 9, 2013, Blandy P. Xayavongsy was an employee for the Alaska Native Medical Center. He was driving a courtesy van transporting people to the Alaska Native Medical Center for medical treatment. He was driving eastbound on Northern Lights Boulevard in Anchorage, Alaska, and rear-ended a vehicle that was slowing for traffic ahead of it, which was caused, in turn, the second vehicle to hit and rear-end an additional third vehicle. The collision took place approximately 100 feet east of Northern Lights Boulevard's intersection with Princeton.

10. At the time, date and place described above, Mr. Ward was a passenger in the van operated by Blandy P. Xayavongsy and suffered injuries legally caused by the collision as more specifically described below.

### III. Negligence Claims Against the United States of America.

11. Blandy P. Xayavongsy operated the vehicle in which Mr. Ward was a passenger negligently, and his negligence was the legal cause of the crash, and Mr. Ward's resulting harms and losses.

12. Because of the negligence of the employee of the United States of America as described above, Mr. Ward has suffered past and future losses as follows:

    a. Pain, suffering and emotional distress,

    b. Loss of enjoyment of life,

    c. Medical expenses,

    d. Lost earnings and earning capacity, and

    e. Property damage.

These damages will be proved with specificity at trial, but are in excess of $100,000.00.

### IV. Miscellaneous Allegations.

13. Mr. Ward has suffered "severe permanent physical impairment or severe disfigurement" within the meaning of AS 09.17.010(c).

14. Mr. Ward should be allocated no percentage of fault for his injury or any of the harms and losses complained of herein.

15. No individual or entity not now described in the caption hereof should be allocated a percentage of fault under AS 09.17.080 or otherwise.

16. Mr. Ward has, to the extent required by law, mitigated his damages.

WHEREFORE, Mr. Ward prays for judgment against the United States of America as follows:

1. For general damages, according to proof at trial, but greater than $100,000.00.

2. For special damages, according to proof at trial, but in excess of $100,000.00.

Ward v. USA, Case No. 3:15-cv-_____
COMPLAINT
3

Case 3:15-cv-00188-HRH   Document 1   Filed 10/05/15   Page 3 of 4

3. For such other and further relief as the Court may find Mr. Ward entitled to under the common law, relevant statutes, and the custom and practice of this Court.

SUBMITTED THIS 5th day of October, 2015.

*signature*

Law Offices of Michael J. Schneider, P.C.
Attorney for Bruce Stephen Ward
880 "N" Street, Suite 202
Anchorage, AK 99501
Phone: (907) 277-9306
Fax: (907) 274-8201
E-mail: mschneider@aktriallaw.com
Alaska Bar No. 7510088